```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

Mike Baloga                           :
    Plaintiff                         :
    v.                                : Case No. 3:16-CV-1039
Pittston Area School District         :
and                                   : (Judge Richard P. Conaboy)
Jim Serino                            :
    Defendants                        :
_____

**Memorandum**

We consider here three motions arising from discovery disputes between counsel.  Plaintiff has filed two of these motions, both of them motions for sanctions.  (Docs. 28 and 30).  Defendant has filed a Motion to Limit Deposition Testimony Pursuant to Federal Rule of Civil Procedure 30(d)(3). (Doc. 36).  We note at the outset that the Court has broad authority to craft an order "...to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:...(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters". See Rule 26(c)(1)(D). We shall consider these motions in the order filed.  Before doing so we briefly describe the context for each.

This case stems from Defendants' decision to reassign Plaintiff from his position as a custodian in the high school

1

building of the Pittston Area School District to a similar position in the district's elementary school. Plaintiff also functions as the Vice-President of the union that represents all Pittston Area School District support staff. His principal allegation is that he was transferred in retaliation for telling Defendant Jim Serino, the maintenance director of the Pittston Area School District, that staff morale was low due to the District's decision to schedule work on Martin Luther King Day, January 15, 2016. Plaintiff alleges further that the same day he voiced his concerns about employee morale he was transferred to the primary school location. He contends that he was reassigned for promoting union concerns and that Defendants' reassignment of him was designed to chill or to interfere with legitimate union activity. This, Plaintiff contends, was an abridgment of his First Amendment right of free speech that, due to Pittston Area School District's status as a state actor, constitutes a violation of 42 U.S.C. § 1983.

**A. Plaintiff's First Motion for Sanctions. (Doc. 28)**

Plaintiff's first motion concerns the deposition of Matt Szumski on May 17, 2017. Plaintiff asserts that Mr. Szumski's deposition was not properly noticed. Plaintiff's counsel stated that she objected to the deposition going forward due to improper notice and that, despite her objection, Defendants' counsel deposed

2

Mr. Szumski in her absence.[1]  Plaintiff requests: that the deposition be re-opened to afford Plaintiff's counsel an opportunity to cross examine Mr. Szumski; that Defendants be required to unilaterally bear the costs of both the original and re-opened depositions; and that Plaintiff be awarded an unspecified monetary sanction and attorney fees in connection with the Szumski depositions.

Defendants' counsel explains that Plaintiff's counsel should have been aware of his intention to depose Mr. Szumski on March 17, 2017 because his paralegal had informed Plaintiff's counsel that Matt Shumsky (sic) was intended to be a deponent by email dated February 21, 2017.  See Doc. 31-1.[2]  It must be noted, however, that a subsequent (February 24, 2017) letter from Defendants' counsel to Plaintiff's counsel did not indicate that Mr. Szumski was among the five proposed deponents for March 17, 2017.

As Plaintiff points out (Doc. 29 at 2) Rule 30(b)(1) of the Federal Rules of Civil Procedure states that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." The Court finds that Defendants' counsel's misspelling of Mr.

---

[1] The Szumski deposition transcript reveals that Defense Counsel asked Mr. Szumski six substantive questions.  The rest of the transcript consists of legal wrangling over the propriety of the deposition going forward.

[2] Confusion may have been created because Mr. Szumski's last name was incorrectly spelled as indicated above.

Szumski's name in his correspondence coupled with his omission of Mr. Szumski's name in his subsequent letter to Plaintiff's counsel defeats any notion that he supplied Plaintiff's counsel with the requisite "reasonable notice" contemplated by Rule 30(b)(1). Accordingly, Mr. Szumski's deposition may be reconvened in order to give Plaintiff's counsel a reasonable opportunity to cross-examine him.

Plaintiff's other requests that Defendant pay some monetary sanction and be required to pay the full cost of both Mr. Szumski's depositions is denied because the Court finds that Defendants' counsel made an attempt, albeit unsuccessful, to provide notice and that his conduct was not so egregious as to require Defendant to bear these costs unilaterally.

**B. Plaintiff's Second Motion for Sanctions (Doc. 30).**

Plaintiff's second motion for sanctions seeks to reopen the depositions of Kenneth Bangs and James O'Brien due to Defendants' counsel's direction to these deponents not to answer certain questions posed by Plaintiff's counsel. Plaintiff specifically complains that: (1) Defendants' counsel refused to allow Mr. Bangs to answer a question regarding his receipt of "comp time" as a salaried employee; and (2) Defendants' counsel refused to allow Mr. O'Brien to answer a question regarding an allusion to back taxes he may owe as a result of his operation of a tavern.

Plaintiff's counsel's question to Mr. Bangs, a maintenance

4

supervisor at Pittston Area School District, insinuated that by accepting "comp time" as a salaried employee he was somehow engaging in criminal activity. Plaintiff's counsel's line of questioning also solicited a legal opinion from a lay person who had no apparent expertise to support such an answer. Defendants' counsel instructed Mr. Bangs not to respond to these questions on the grounds that he was not going to allow Mr. Bangs to potentially incriminate himself and that Plaintiff's counsel's questions were both oppressive and irrelevant to the subject matter of the case.

Plaintiff's counsel's questions to Mr. O'Brien, a warehouse supervisor at Pittston Area School District,[3] delved into whether he owed back taxes in connection with his operation of a tavern which he sold in 2008. Defendants' counsel objected to this line of questioning as harassment and as irrelevant to the subject matter involved in this law suit. Plaintiff's counsel contends that Mr. O'Brien's potential debt for back taxes reflects on his credibility and makes this line of questioning relevant. The Court will observe that, had Mr. O'Brien been convicted of tax evasion, that would certainly reflect upon his credibility. However, his potential debt for back taxes, to the extent there is one, sheds no light on his credibility or the lack thereof since many honest people owe back taxes for reasons that have nothing to do with

---

[3] Mr. O'Brien had previously served in two elected positions: Luzerne County Recorder of Deeds and as a school director of the Pittston Area School District.

dishonesty.

Having reviewed Plaintiff's complaint, the briefs filed by the parties, and the deposition transcripts provided by the parties, the Court finds that Plaintiff's counsel's line of questioning to both Mr. Bangs and Mr. O'Brien ranged too far afield from any subject matter relevant to the issues in this case and were unduly oppressive as well. Accordingly, the Court finds that Plaintiff's counsel has had ample opportunity to question both men and, as such, will deny Plaintiff's second motion for sanctions in all respects.

**C. Defendants' Motion to Limit Deposition Testimony.**

Defendants' motion was made pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure which provides:

> ...At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a matter that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the Court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Defendants' motion seeks the Court's approval of his

6

objections to the disputed testimony of Mr. Bangs and Mr. O'Brien as outlined above. Inasmuch as the Court has already indicated that Defense counsel's objections were reasonable under the circumstances, they are once again sustained. Moreover, to reiterate, the Court finds that Plaintiff's counsel's questioning of Mr. Bangs and Mr. O'Brien was both unduly oppressive and that the information sought by Plaintiff's counsel was neither relevant to Plaintiff's claim nor "proportional to the needs of the case." See Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Court also finds that cases relied upon in Plaintiff's counsel's brief (Doc. 30, Paragraphs 7-8) are inapposite. U.S. v. Lundy, 416 F.Supp. 2d. 325 (E.D.Pa. 2005), dealt with the question whether witnesses who had been charged with crimes involving the failure to file tax returns, the failure to report income or the provision of fraudulent statements could be impeached on the basis that such conduct is probative of truthfulness. Here there is no evidence that the deponents were charged with any crimes of this nature. Similarly, U.S. v. Collier, 527 F.3d 695 (8th Cir. 2008) dealt with a witness who had committed a crime that implicated dishonesty. There is no indication in this record that either witness involved in this dispute has been charged with a crime, much less committed one. For these

7

reasons, neither case provides an appropriate foundation from which to impeach the credibility of Mr. Bangs or Mr. O'Brien.  Consequently, Defendants' Motion to Limit Deposition Testimony (Doc. 36) will be granted.  An Order consistent with all the above determinations will be filed contemporaneously.

BY THE COURT

S/Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court

Dated: June 1, 2017